FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEVIN W. S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:17-CV-00135-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II and his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his application for Disability Insurance Benefits and his application for Supplemental Security Income on April 22, 2013. AR 188-99. His alleged onset date of disability is December 31, 2010. AR 190, 193. Plaintiff's applications were initially denied on July 18, 2013, AR 142-45, and on reconsideration on September 27, 2013, AR 148-55.

A hearing with Administrative Law Judge ("ALJ") R. J. Payne occurred on July 21, 2015. AR 39-86. On August 11, 2015, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 11-23. The Appeals Council denied Plaintiff's request for review on February 13, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on April 10, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 51 years old at the alleged date of onset. AR 18, 190, 193. He has a high school education, three years of college, and two years of vocational training in commercial construction and he is able to communicate in English. AR 18, 61. Plaintiff has past work as a contractor and a cook. AR 22, 223.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from December 31, 2010, through the date of the ALJ's decision. AR 11, 22.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2010 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 13.

**At step two**, the ALJ found Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, and hypertension (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 13.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 17.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform medium work, except: he can lift/carry 50 pounds occasionally and 25 pounds frequently, stand six hours in and eight-hour workday, walk six hours in an eight-hour workday and sit six hours in and eight-hour workday; he is limited to frequent stooping, crouching, kneeling, crawling, and balancing; frequent climbing of ramps and stairs; occasional climbing of ladders, ropes or scaffolds; and he should avoid concentrated exposure to industrial-type heavy vibration. AR 17.

The ALJ found Plaintiff able to perform his past relevant work as a contractor. AR 22.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly assessing Plaintiff's residual functional capacity.

## VII. Discussion

### A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 18. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. *Id*.

In this case, the ALJ found evidence of malingering. *See Benton ex. el. Benton v. Barnhart,* 331 F.3d 1030, 1040 (9th Cir.2003) (finding of affirmative evidence of malingering will support a rejection of a claimant's testimony). The ALJ stated that Plaintiff demonstrated inconsistent reporting and possible manipulative and exaggerated behavior. AR 19. The ALJ's decision is supported by the notes of a psychological consultant who noted that Plaintiff's statements,

presentation, and previously unseen gimp and grimace are tell-tale attempts at manipulating the examiner. AR 19, 116.

In addition to malingering, the ALJ provided multiple clear and convincing reasons to discount Plaintiff's credibility that are supported by the record. AR 18-20. The ALJ found that Plaintiff's allegations of complete disability are not supported by the objective medical evidence and contradicted by the generally normal and mild medical findings in the record. AR 15, 18-19. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff's mental status examinations were mostly unremarkable, consistently noting that Plaintiff had a normal mood and affect; no anxiety or unusual evidence of depression; normal thought content; normal concentration; normal attention span; no suicidal ideation; and no agitation, mood swings or pressured speech. AR 15, 19, 314, 322, 324, 489, 505, 513, 522-24, 551. Nearly the entire record is consistent with generally benign physical findings such as normal lumbar flexion and extension, negative straight leg raises, no tenderness, no joint deformities or abnormalities, normal range of motion in all extremities, and no gait disturbance.

AR 18, 306, 502, 506, 508, 522. The diagnostic imaging results also show mostly minimal or mild changes and x-rays and MRI scans of Plaintiff's neck, back, shoulders, hips, and elbows were mostly unremarkable, with findings that Plaintiff had minor, mild, or moderate degenerative changes. AR 13-14, 19, 329-33.

Additionally, Plaintiff's mental health condition was controlled with medication. AR 15, 19. Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Treatment notes provide that Plaintiff reported a decrease in his anxiety symptoms/depression symptoms in January 2014. AR 15, 513. And more specifically, Plaintiff reported that Cymbalta helped his depression "a lot." AR 15, 513. Additionally, Dr. Winfrey noted that Plaintiff's mental health symptoms were both "stable" and "well controlled with medication." AR 59. Plaintiff consistently denied any significant mental health issues to his treating providers and reported good improvement in his depression with medication. AR 15, 21, 314, 322, 324, 489, 502, 505-06, 508, 513, 522-24, 551.

Lastly, the ALJ noted that Plaintiff's allegations of disabling limitations are belied by his daily activities. AR 19. These include the daily activities of preparing meals, doing light housework, mowing the lawn, gardening, fishing several times a month, and woodworking. AR 19, 245-48, 523, 528, 549. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an

individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's daily activities contradict his allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as he alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-

medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b. Mahlon Dalley, Ph.D.

Dr. Dalley is an examining psychologist who completed a psychological evaluation for the Washington State Department of Social and Health Services in May 2013. AR 21, 341-46 Dr. Dalley opined that Plaintiff generally had mild or moderate limitations, but also opined that Plaintiff has marked or severe mental limitations in four of the thirteen categories. AR 343-44. Dr. Dalley's opinion is contradicted by the assessment and testimony of Dr. Winfrey and the opinions of DDS psychological medical consultants, all of whom were given significant weight and are unchallenged by the Plaintiff. *See* AR 20-21.

The ALJ assigned little weight to Dr. Dalley's opinion for multiple valid reasons. AR 21. First, the ALJ noted that Dr. Dalley's findings were inconsistent with the longitudinal treatment record, which Dr. Dalley did not review. AR 21, 341. The ALJ noted that the evidence of record shows that Plaintiff consistently

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

denied psychiatric symptoms to his treating providers. AR 21, 502, 506, 508, 524. Additionally, the ALJ noted evidence that demonstrates Plaintiff's mental status examination were mostly benign, with findings that he had a normal mood and affect; no anxiety or unusual evidence of depression; normal thought content; normal concentration; normal attention span; no suicidal ideation; and no agitation, mood swings or pressured speech. AR 21, 314, 322, 324, 489, 505, 513, 522-24, 551. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ also discounted Dr. Dalley's opinion because it consists of a check-box form without explanation for the basis of the conclusions. AR. 21, 341-45. "[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id*. at 1216. Furthermore, check-box form statements may be given less weight when they are conclusory in nature and lack substantive medical findings to support them or they are inconsistent with the underlying medical records. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Dalley's opinion.

### c. Robin Gunn, PA-C.

Mr. Gunn is a physician's assistant who provided an opinion on May 3, 2013, following a physical examination. AR 21, 335-37. Mr. Gunn opined that Plaintiff is limited to a sedentary residual functional capacity. *Id*. Mr. Gunn's opinion is contradicted by the opinion of testifying medical expert Dr. Vu and the opinions of DDS physical medical consultants, all of whom were given great or significant weight and are unchallenged by the Plaintiff. *See* AR 20-21. The opinion testimony of Mr. Gunn falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ assigned little weight to Dr. Gunn's opinion and provided valid reasons for doing so. AR 18, 21-22. First, the ALJ noted that Mr. Gunn's statement about Plaintiff's physical impairments was inconsistent with the record evidence, which revealed mostly unremarkable physical examination findings. *Id*.

Inconsistency with medical evidence is a germane reason to discount statements from other sources. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999). Specifically, the ALJ noted that examination records in October 2013, five months after Mr. Gunn' examination and opinion, revealed normal lumbar flexion and extension and negative straight leg raises. AR 18, 508. Additionally, while Plaintiff complained of severe tenderness and decreased range of motion during his examination with Mr. Gunn in May 2013, the ALJ noted that "these complaints are wholly inconsistent with the other treatment records showing no tenderness, no joint deformities or abnormalities, normal range of motion in all four extremities, and no gait disturbance. AR 18, 306, 316, 502, 506, 508, 522. Additionally, the ALJ noted that Mr. Gunn completed his statement without the benefit of reviewing any diagnostic imaging results. AR 21. Mr. Gunn in fact states that he was ordering "x-rays first [then] depending on [those] results [he] may need future MRI and a possible ortho referral." AR 337. Mr. Gunn's opinion is actually contradicted by the diagnostic imaging of record, which shows Plaintiff's complaints of severe chronic shoulder, hip, elbow, and wrist pain were not substantiated by the diagnostic imaging results, and which were mostly unremarkable. AR 19, 329-33.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Mr. Gunn's opinion.

**C. The ALJ properly assessed Plaintiff's residual functional capacity.**

Plaintiff very briefly reargues that his assessed residual functional capacity and the ultimate determination regarding disability did not account for all of his limitations. ECF No. 12 at 16. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 17. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *See Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity or in the ultimate determination regarding disability.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18**

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of July, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge